IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |  |
|---|---|---|
| Victor Studevant,<br>  Petitioner, | )<br>)<br>) | |
| v. | )<br>) | 1:11cv1242 (GBL/JFA) |
| Harold W. Clarke,<br>  Respondent. | )<br>)<br>) | |

MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Victor Studevant, an inmate confined in Virginia.  Petitioner challenges the constitutionality of his conviction of multiple offenses following a jury trial in the Circuit Court of Chesterfield County, Virginia  After respondent moved to dismiss the petition, Studevant was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply.  For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.  Also before the Court are two Motions to Remand filed by petitioner, which will be denied, as moot.

I. Background

By final order entered April 15, 2008, Studevant was convicted of statutory burglary, robbery, and two counts of abduction.  Case No. CR07F01411-01, -02 and -04; CR07F01412-01.  In accordance with the sentence fixed by the jury, Studevant received a total active sentence of forty (40) years imprisonment.

1

Studevant pursued a direct appeal, raising claims that the evidence was insufficient to sustain any of his convictions; that the Commonwealth failed to prove that he was the perpetrator of any of the crimes; and that the trial court abused its discretion by denying a defense motion for mistrial based on jurors' questions. The petition for appeal was denied by a judge of the Court of Appeals of Virginia on October 21, 2008. Studevant v. Commonwealth, R. No. 0923-08-2 (Va. Ct. App. Oct. 21, 2008). By Order issued January 26, 2009, a three-judge panel concurred with that result, and Studevant's petition for further appeal to the Supreme Court of Virginia subsequently was refused on June 25, 2009. Studevant v. Commonwealth, R. No. 090350 (Va. June 25, 2009).

On or about June 15, 2010, Studevant filed a petition for a state writ of habeas corpus in the trial court,[1] raising the following claims:

1. He was denied effective assistance of counsel based on the Commonwealth's statement of facts.

2. He was denied effective assistance of counsel based on counsel's trial strategy.

3. He was denied effective assistance of counsel based on the facts leading to his arrest; the Commonwealth's witnesses committed perjury.

4. He was denied effective assistance of counsel based on counsel's failure to test the veracity of the officer's testimony.

5. He was denied effective assistance of counsel based

---

[1]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Studevant's state habeas corpus application does not indicate the date it was deposited in the prison mail system, but it was executed on June 15, 2010. Pet. at 35. In the absence of evidence to the contrary, the Court will assume that the petition was delivered for mailing that same day.

          on counsel's failure to object to the prosecutor's tainted evidence.

6. He was denied effective assistance of counsel based on counsel's failure to object to witnesses' 'conspired perjury.'

7. He was denied effective assistance of counsel based on counsel's failure to question the veracity of witnesses' testimony.

8. He was denied effective assistance of counsel based on counsel's failure to object to the victim's perjured testimony.

9. He was denied effective assistance of counsel based on counsel's failure to show that petitioner did not fit the victim's description of her attacker.

10. He was denied effective assistance of counsel based on counsel's failure to object to hearsay testimony by a prosecution witness.

11. He was denied effective assistance of counsel based on counsel's failure to question the veracity of the Commonwealth's evidence.

12. He was denied effective assistance of counsel based on counsel's failure to tell petitioner his courtroom strategy.

13. He was denied effective assistance of counsel based on counsel's failure to disclose newly-found evidence.

In a 33-page order dated October 7, 2010, Studevant's habeas application was denied and dismissed with prejudice, on the holding that he had "not met the highly demanding standard set forth for such claims [of ineffective assistance] in Strickland v. Washington, 466 U.S. 668 (1984)." Studevant v. Johnson, R. No. CL10 HC-1899, Order 10/7/10 at 3.

On January 18, 2011, over three months after the trial court issued its order denying

Studevant's habeas corpus petition, he filed a "request for appeal delay" in the Supreme Court of Virginia. The Court denied Studevant's request on February 17, 2011. Resp. Ex. 1.

Studevant filed the instant application for relief pursuant to § 2254 on or about November 9, 2011 in the United States District Court for the Western District of Virginia at Roanoke. The matter was transferred to this Court on November 14, 2011. By Order dated November 26, 2011, petitioner was directed to submit an amended petition within thirty (30) days, using the standardized forms required by Local Civil Rule 83.4. In addition, petitioner's correctional institution was requested to supply financial information in connection with petitioner's application to proceed in forma pauperis in this action. When that information revealed that Studevant did not qualify to proceed in forma pauperis, the petition was dismissed, without prejudice to Studevant's ability to pay the applicable filing fee within thirty (30) days. On February 6, 2012, the filing fee was paid, and the case was reopened. By Order dated February 14, 2012, the amended petition was filed, and on April 10, 2010, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief. Petitioner has filed a reply, so the petition is now ripe for disposition.

## II. The Petition is Time-Barred

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, the Supreme Court of Virginia refused Studevant's petition for direct appeal on June 25, 2009. Therefore, petitioner's convictions became final at the latest on September

23, 2009, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In this case, between September 23, 2009, the date petitioner's convictions became final, and June 15, 2010, the date petitioner filed his state habeas application in the trial court, 264 days passed. Between November 6, 2010, the last date on which petitioner could have timely appealed the dismissal of his habeas application to the Supreme Court of Virginia, and November 9, 2011, the date the instant federal petition was filed, an additional 368 days of untolled time elapsed. When these days are combined they establish that the instant petition was filed 267 days beyond the one-year limit. Accordingly, the petition is untimely.

In his response to the Motion to Dismiss, petitioner does not specifically address respondent's invocation of the limitations defense. Petitioner mentions being held in "major lockdown" status, asserts in generalized fashion that he received ineffective assistance of counsel

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

during his state criminal proceedings, and contends that he was "set up by [his] attorney" and has "become a victim of the system." Petitioner also points out that he is "ignorant and indigent in law" and "has no idea what respondent is talking about." While petitioner does not use the term, these statements if construed very generously could be interpreted as an attempt to demonstrate equitable tolling of the limitations period. The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Here, petitioner's allusions to his various circumstances are insufficient, either alone or in

concert, to warrant equitable tolling. Misleading or incorrect advice provided by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("Assuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). Petitioner's accusation that he was "set up" by his attorney is entirely conclusory and falls well short of meriting equitable tolling.

To the extent that petitioner cites his placement in lockdown status, a prisoner's reliance on the difficulties inherent in prison life, such as limited access to a law library or to assistance from prison staff, is insufficient to demonstrate entitlement to equitable tolling. See, e.g., Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (60-day segregation without access to law library, even coupled with reliance on a service that falsely promised to prepare and file petitioner's habeas application, did not justify equitable tolling); Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as ... restricted access to the law library ... do not by themselves qualify as extraordinary circumstances.") That principle is especially apt here, since petitioner offers no meaningful explanation of how his segregated status acted to prevent the preparation and filing of this § 2254 application in a timely manner. See Stillman v. LaMarque, 319 F.3d 119, 1202 (9th Cir. 2003) (where petitioner showed only that his access to the law library was restricted at various times due to segregation, but failed to meet his burden of establishing that the limited access made timely filing impossible, equitable tolling was not warranted).

Lastly, to the extent that petitioner appears to suggest that his status as a layman at law should entitle him to equitable tolling, that argument has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same).

Petitioner in this case further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed.

### III. Petitioner's Claims are Procedurally Defaulted

In addition, even had this petition been filed timely, petitioner's claims are all procedurally defaulted from consideration on the merits. Of the twelve claims petitioner makes in this federal proceeding, five claims asserting of ineffective assistance of counsel were raised in

petitioner's state habeas corpus proceeding.³ Although those claims were denied on the merits by the trial court, they were not subsequently considered by the Supreme Court of Virginia, because petitioner failed to file a timely appeal after the trial court denied his habeas application. Because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court," Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), those claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

The remainder of the claims petitioner makes here have never been presented to the Virginia courts and so remain unexhausted. However, as petitioner has already filed a state habeas corpus petition, these claims are no longer capable of exhaustion, because under Virginia law petitioner may not pursue a successive habeas application. Va. Code § 8.01-654(B)(2). Therefore, as with petitioner's other claims, these claims likewise are treated as simultaneously exhausted and defaulted. Baker, 220 F.3d at 288.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice

---

³Specifically, claims E, G, H, I and L of the instant petition correspond to claims raised in the state habeas proceeding.

in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995). Here, petitioner makes no allegations sufficient to meet this test. Therefore, even had this petition been filed timely, the claims still would be procedurally barred from consideration on the merits.

### IV. Petitioner's Motions to Remand

Also pending before the Court are two Motion to Remand filed simultaneously by petitioner. In both, petitioner states that the closing arguments are missing from his trial transcript, and that as a result his case should be remanded to state court. The reason why petitioner believes that the allegedly missing arguments should result in remand is unclear, but as discussed above, at present no procedural avenues appear to remain open by which petitioner could bring additional claims in the state forum. Therefore, his argument need not be further explored, and his Motions to Remand will be denied, as moot.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice as time-barred, and alternatively as procedurally barred. Petitioner's Motions to Remand will be denied, as moot. An appropriate Order shall issue.

Entered this 24th day of May 2012.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge